**Nos. 2013-1307, -1313**

IN THE

# United States Court of Appeals
### FOR THE FEDERAL CIRCUIT

I/P ENGINE, INC.,

*Plaintiff-Cross Appellant,*

*v.*

AOL INC., GOOGLE INC., IAC SEARCH & MEDIA, INC.,
GANNETT COMPANY, INC., and TARGET CORPORATION,

*Defendants-Appellants.*

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF VIRGINIA IN CASE NO. 11-CV-512, JUDGE RAYMOND A. JACKSON.

## I/P ENGINE, INC.'S OPPOSITION TO DEFENDANTS-APPELLANTS'
## MOTION FOR LEAVE TO FILE CORRECTED PRINCIPAL BRIEF

JOSEPH R. RE
 *Counsel of Record*
STEPHEN W. LARSON
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

*Attorneys for Plaintiff-Cross Appellant*

July 31, 2013

## **CERTIFICATE OF INTEREST**

Counsel for Plaintiff-Cross Appellant I/P Engine, Inc. certifies the following:

1.    The full name of every party being represented by me is:

I/P Engine, Inc.

2.    The real party in interest represented by me is:

Vringo, Inc.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by me are as follows:

Innovate/Protect, Inc., which is a wholly owned subsidiary of Vringo, Inc.

4.    The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or agency or are expected to appear in this Court are:

Joseph R. Re, Stephen W. Larson, KNOBBE, MARTENS, OLSON & BEAR, LLP; Donald C. Schultz, W. Ryan Snow, CRENSHAW, WARE & MARTIN PLC; Jeffrey K. Sherwood, Frank C. Cimino, Jr., Kenneth W. Brothers, Dawn Rudenko Albert, Charles J. Monterio, Jr., James Ryerson, Jonthan Falkler, Katie Scott, Krista Carter, Leslie Jacobs, Jr., DICKSTEIN SHAPIRO LLP; Richard H. Ottinger, Dustin M. Paul, VANDEVENTER BLACK LLP.

Dated:  July 31, 2013          By:  /s/ Joseph R. Re_____
                                        Joseph R. Re

*Attorney for Plaintiff-Cross Appellant*
I/P ENGINE, INC.

Plaintiff-Cross Appellant I/P Engine, Inc. ("I/P Engine") opposes Defendants-Appellants AOL, Inc., Google Inc., IAC Search & Media, Inc., Target Corp., and Gannett Co., Inc.'s (collectively "Defendants'") Motion for Leave to File A Corrected Principal Brief, D.I. 45-1 ("Motion").

## I. <u>INTRODUCTION</u>

Defendants' proposed "corrected" brief is not a "corrected" brief at all. It is a transparent attempt to reverse Defendants' substantive positions and delete arguments Defendants have made to this Court. But nothing in the Federal Appellate Rules or this Court's Rules permits parties to delete substantive arguments and positions in a filed brief under the guise of making a "correction." As this Court's Practice Notes to Rule 32 make clear, changes in a corrected brief "must be limited to nonsubstantive matters . . . ." Moreover, Defendants still have a Reply Brief in which they will get the last word with regard to the arguments they would now like to delete. Thus, Defendants' Motion is improper and seeks relief that is unnecessary.

Moreover, I/P Engine would be prejudiced if Defendants' "corrected" brief were allowed. I/P Engine should be permitted unfettered reliance on the clear and unequivocal positions Defendants have urged upon this Court in their Principal Brief, even though Defendants may now regret them. I/P Engine should not be relegated to presenting to the merits panel a watered-down version

of what Defendants' position used to be before it was deleted by a "correction."

## II. <u>BACKGROUND</u>

Defendants filed their Principal Brief on July 22, 2013.  D.I. 40.  I/P Engine is currently preparing its Principal and Response Brief, which is due on September 6, 2013.  Defendants' Principal Brief contends that the Court should disregard the jury verdict and the District Court decision upholding the validity of I/P Engine's United States Patent No. 6,314,420 ("the '420 Patent").  *Id.* at 4.  Defendants argue that this Court should instead follow the lead of the PTO and adopt the PTO's decisions regarding the '420 Patent.  *Id.*  Indeed, this is a central theme of Defendants' Principal Brief.  Defendants even conclude their discussion of liability in the Introduction by discussing and emphasizing the PTO's decision:

> The only entity that has provided a reasoned analysis of obviousness, the Patent and Trademark Office ("PTO"), has <u>rejected</u> all of the asserted claims based on the same art presented at trial. Especially because obviousness is a question of law subject to de novo review, this Court can and should endorse the PTO's reasoned decision, not the district court's silence.

*Id.* at 4 (emphasis in original).  Defendants also introduce their discussion of obviousness by highlighting the PTO's decision:

> The PTO has made this Court's task easier by finally rejecting all asserted claims of the '420 Patent in light of the same prior art that was before the district court,

and by non-finally rejecting all asserted claims of the '664 Patent as well. The PTO's analysis is not only sound, it is the only reasoned decision on point.

*Id.* at 35. Defendants also extensively quote the PTO's decision when arguing that I/P Engine's expert improperly read in a limitation that is purportedly "not there":

> Initially, Dr. Carbonell reads in a limitation that is simply not there. The claims do not require throwing both the search query and the search results "over the wall." As the PTO found in the pending reexamination of the '420 Patent, "[t]here is no claim language to exclude any alleged 'over the wall' approach in the prior art, which simply 'combines' the two types of data in sequential steps." [citing PTO reexamination] In other words, the claim requirement of using content/collaborative filtering to filter search results "for relevance to the query" is met by prior art references that throw only the search results "over the wall" to a content/collaborative filter, because those search results are then filtered for further relevance to the query that generated them. [citing PTO reexamination]

*Id.* at 38.

On July 24, 2013, after Defendants filed their Principal Brief, the PTO confirmed the validity of all of the asserted claims of the '420 Patent. *See* Notice of Intent to Issue Ex Parte Reexamination Certificate, Control No. 90/009,991 (July 24, 2013), attached hereto as Exhibit A (hereinafter "Notice") at 10. The PTO also expressly rejected the same arguments that

Defendants are now making with regard to the limitation that is purportedly not in the claims. *Compare id*. at 4-5, *with* D.I. 40 at 38.

On July 26, Defendants filed their present Motion, seeking to file a "corrected" brief. Defendants' proposed "corrected" brief deletes entire arguments from Defendants' filed brief, including each of the block quotes above. *See* Motion, Ex. B at 4, 35, 38-39. Defendants' "corrected" brief also strategically removes each and every reference and citation to the PTO reexamination proceedings. *See id.* Indeed, Defendants' "corrected" brief even deletes references to an interim PTO reexamination decision regarding I/P Engine's asserted United States Patent No. 6,775,664—even though there have been no new developments in the reexamination of this patent. *Id.* at 35, 38 n.9.

## III. **ARGUMENT**

A.  **This Court's Rules Do Not Permit The Filing Of A "Corrected" Brief To Make Substantive Changes**

The Court should deny Defendants' Motion as contrary to this Court's Rules. As the Practice Notes to Rule 32 make clear, changes in a corrected brief "must be limited to nonsubstantive matters . . . ." Fed. Cir. R. 32, Practice Notes. Here, there is no dispute that Defendants' "corrected" brief fails to satisfy this requirement. Indeed, Defendants concede that the "excised passages are substantive . . . ." Motion at 3. Accordingly, Defendants' Motion is contrary

to the Rules and should be summarily denied.

Defendants argue, however, that the Practice Notes pertain only to briefs corrected "as of right," as opposed to through a motion. Motion at 3. But neither Federal Circuit Rule 32 nor the Practice Notes makes any such distinction. Defendants cite nothing in the Federal Appellate Rules or this Court's Rules that contemplates making substantive changes to a filed brief. A party may not retract arguments already made in a filed brief to attempt to somehow hide those regretted positions from the merits panel, by filing a "corrected" brief.

Defendants also argue that their "corrected" brief is necessary to avoid "confusion" regarding the reexamination proceedings. Motion at 2. But the Rules already provide a procedure for informing the Court of subsequent authorities. For example, pursuant to Federal Rule of Appellate Procedure 28(j), when "pertinent and significant authorities come to a party's attention after the party's brief has been filed . . . a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations." If parties were permitted to simply rewrite their briefs in view of new authorities, such a rule would be unnecessary.

Moreover, briefing has just begun. The parties can update the Court on the reexamination proceedings in the ordinary course of their remaining

briefing. Defendants will be able to fully update the Court regarding the reexamination proceedings in their Reply Brief. And, of course, I/P Engine will be able to address the reexamination proceedings in its own Responsive Brief.

Defendants' Motion is effectively a Motion to Strike portions of their own brief. Motions to Strike are governed by this Court's Rule 27(e), which prohibits any motion to strike when the moving party "has the right to file a responsive brief in which the objection could be made." Here, because Defendants have the right to file a Reply Brief on the very subject at issue, their Motion seeking to "excise" certain passages from their brief is improper and unnecessary to avoid confusion.

Importantly, the Federal Rules of Appellate Procedure and this Court's rules are intended to provide an orderly process for the filing of all briefs. Allowing parties to file new briefs for strategic reasons would wreak havoc on the appellate process. Thus, this Court should deny Defendants' Motion.

**B.**    **Defendants' Requested Relief Would Prejudice I/P Engine**

It is apparent that Defendants' "confusion" arguments are simply a smokescreen to enable Defendants to fundamentally shift their strategy in this Appeal. Permitting Defendants to revise their arguments after filing their Principal Brief would prejudice I/P Engine. For example, in their current Principal Brief, Defendants argue that "the only entity that has provided a

-6-

reasoned analysis of obviousness" is the PTO, and urge that this "Court can and ***should endorse***" the PTO's reasoning. D.I. 40 at 4 (emphasis added). It would be unfair and prejudicial to I/P Engine for Defendants to whitewash their substantive positions and characterize these positions as having been "corrected."

I/P Engine should be permitted to fully discuss these positions as positions actually taken by Defendants. I/P Engine should be able to show the merits panel that Defendants' positions are unprincipled and wholly result-oriented. When the PTO's reasoning aligned with Defendants' positions, Defendants argued that this Court should follow the PTO. Now that the PTO's reasoning supports I/P Engine's position, Defendants will undoubtedly trivialize the PTO proceedings in their Reply Brief. Defendants should not be permitted to argue to the merits panel that the PTO's reasoning as to the '420 Patent should be disregarded, without justifying their dramatic shift in position. Yet, that is precisely what Defendants hope to be able to accomplish by striking all references to the reexamination in their Principal Brief and filing a "corrected" brief.

## C.    <u>Defendants' Motion Is Meritless</u>

Finally, the Court should reject Defendants' Motion as unsupported and unpersuasive. Defendants fail to identify any rule or precedent supporting their

remarkable request to rewrite their Principal Brief and abandon their initial positions. Indeed, Defendants' Motion rests upon the bizarre view that a "corrected" brief is necessary "to avoid confusion of the issues in this appeal," because the passages they seek to delete are now "obsolete," "irrelevant," and "moot." Motion at 2-3. It is folly to suggest, however, that this Court will be confused by the reexamination proceedings. The parties' briefing has just begun. And, in addition to further briefing, this Court's rules provide a specific avenue for informing the Court of subsequent authorities, such as reexamination decisions.

Moreover, the arguments Defendants now seek to strike are hardly "obsolete," "moot" or "irrelevant." The fact that the *interim* reexamination office action may have been superseded (on one of the two patents at issue) does not make Defendants' positions and arguments in their Principal Brief irrelevant, obsolete, or moot in this Appeal. Defendants are on record as saying that the Court should heed the PTO and not the jury nor the District Court. That Defendants now regret that approach does not make their initial positions irrelevant in this Appeal. If Defendants contend otherwise, they are free to so argue in their Reply Brief to the merits panel.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court should deny Defendants'

Motion and should permit the parties' briefing to proceed in the ordinary course.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 31, 2013          By: /s/ Joseph R. Re
                                   Joseph R. Re

                               *Attorney for Plaintiff-Cross Appellant*
                               I/P ENGINE, INC.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,991 | 05/24/2012 | 6314420 | S0217.0002/P002-RE | 4797 |

570        7590        07/24/2013
PANITCH SCHWARZE BELISARIO & NADEL LLP
ONE COMMERCE SQUARE
2005 MARKET STREET, SUITE 2200
PHILADELPHIA, PA 19103

| EXAMINER |
|---|
| PROCTOR, JASON SCOTT |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/24/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

Exhibit A



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 CALIFORNIA STREET, 22ND FLOOR
SAN FRANCISCO, CA  94111

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/009,991*.

PATENT NO. *6314420*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

Exhibit A

| **Notice of Intent to Issue**<br>**Ex Parte Reexamination Certificate** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/009,991 | 6314420 |
| | Examiner | Art Unit |
| | JASON PROCTOR | 3992 |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: <u>10 July 2013</u>.
    (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
    (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
    (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
    (a) Change in the Specification:   ☐ Yes ☒ No
    (b) Change in the Drawing(s):     ☐ Yes ☒ No
    (c) Status of the Claim(s):
           (1) Patent claim(s) confirmed: <u>10,14,15,25,27 and 28</u>.
           (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
           (3) Patent claim(s) canceled: _____.
           (4) Newly presented claim(s) patentable: _____.
           (5) Newly presented canceled claims: _____.
           (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
           (7) Patent claim(s) not subject to reexamination: <u>1-9,11-13,16-24,26 and 29-36</u>.

3. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

4. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

5. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 **or PTO/SB/08 substitute**).

6. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

7. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some*  c)☐ None   of the certified copies have
          ☐ been received.
          ☐ not been received.
          ☐ been filed in Application No. _____.
          ☐ been filed in reexamination Control No. _____.
          ☐ been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

8. ☐ Note attached Examiner's Amendment.

9. ☒ Note attached Interview Summary (PTO-474).

10. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| | /Jason Proctor/<br>Primary Examiner, Art Unit 3992 |
|---|---|

cc: Requester (if third party requester)

Exhibit A

## DETAILED ACTION

This Office Action addresses claims 10, 14, 15, 25, 27, and 28 of US Patent No. 6,314,420 issued to Lang et al. ("the '420 Patent").

A Request for *Ex Parte* Reexamination was filed on 16 March 2012. The Office issued a Notice of Incomplete *Ex Parte* Reexamination on 26 April 2012, and vacated the filing date of the original Request. A corrected Request for *Ex Parte* Reexamination was filed on 24 May 2012 ("the Request").

It was determined in the Order Granting *Ex Parte* Reexamination entered on 18 July 2012 ("the Order") that the Request raised at least one Substantial New Question of Patentability regarding at least one patent claim. *Ex Parte* Reexamination was ordered for claims 10, 14, 15, 25, 27, and 28 of the '420 Patent.

Claims 10, 14, 15, 25, 27, and 28 were rejected in the Non-Final Office Action entered on 25 September 2012 ("the Non-Final Office Action"). Patent Owner filed a response on 26 November 2012 ("Patent Owner's Remarks"). An interview was conducted on 22 January 2013, and Patent Owner submitted an Interview Summary on 22 February 2013 ("Interview Summary"). The Examiner has fully considered these responses.

Claims 10, 14, 15, 25, 27, and 28 were rejected in the Final Office Action entered on 3 May 2013 ("the Final Office Action"). An interview was conducted on 13 June 2013, and Patent Owner submitted an Interview Summary as part of a response to the Final Office Action on 3 July 2013. In Patent Owner's Second Remarks, the text of the Remarks section was partially

Exhibit A

corrupted.  Patent Owner submitted a replacement copy of the Remarks section on 10 July 2013

("Patent Owner's Second Remarks").  The Examiner has fully considered these responses.

For reasons set forth below, claims 10, 14, 15, 25, 27, and 28 are <u>confirmed</u>.

Claims 1-9, 11-13, 16, 24, 26, and 29-36 are not subject to the present reexamination

proceeding.

## I.    INFORMATION DISCLOSURE STATEMENTS

Where patents, publications, and other such items of information are submitted by a party

(patent owner or requester) in compliance with the requirements of the rules, the requisite degree

of consideration to be given to such information will be normally limited by the degree to which

the party filing the information citation has explained the content and relevance of the

information. See MPEP 2256.

## II.    REFERENCES CITED

US Patent No. 6,202,058 to Rose et al. ("Rose")

US Patent No. 5,835,087 to Herz et al. ("Herz")

David Goldberg et al., "Using Collaborative Filtering to Weave an Information Tapestry," Communications of the ACM (December 1992) ("Goldberg")

Yezdezard Lashkari, "Feature Guided Automated Collaborative Filtering," MIT Masters Thesis (September 1995) ("Lashkari")

Paul Resnick et al., "GroupLens: An Open Architecture for Collaborative Filtering of Netnews," Proceedings of ACM 1994 Conference (1994) ("Resnick")

Shoshana Loeb, "Architecting Perosonalized Delivery of Multimedia Information," Communications of the ACM (December 1992) ("Loeb")

Exhibit A

### III.     STATEMENT OF REASONS FOR

### PATENTABILITY AND/OR CONFIRMATION

The following is an Examiner's statement of reasons for patentability and/or confirmation

of the claims found patentable in this reexamination proceeding:

Patent Owner submits that:

> As the Patent Owner conceded during the interview, and as it now specifically affirms and represents, the claim language is not broad enough to include or cover "over the wall" systems (regardless of whether they are prior art or current commercial embodiments), even under the claims broadest reasonable interpretation. Patent Owner's claims do not cover "over the wall" systems because, for example, the claim language requires each document's content data <u>and</u> collaborative data (e.g., its content score and collaborative score) to be considered together in filtering for relevance to the query. (See, e.g., Figs. 6 and 9 of the 420 patent). "Over the wall" systems, however, perform content-filtering (based on a query) separate and apart from collaborative-filtering (based on general item ratings or a user profile instead of a query). Thus, the underlying data for each document is <u>not considered together</u> in filtering for relevance to the query. Because "over the wall" systems involve two separate and distinct processing steps, at least some potential documents will not be selected by the query server to be thrown "over the wall." Accordingly, filtering based on the combined content data and collaborative feedback data is not performed on "each" document, as required by Patent Owner's claim language.

**The Claim Language Excludes "Over the Wall" Systems**

> The claim language describes a filter system that combines content data and collaborative data in filtering each informon for relevance to the query. Specifically, claim 10 recites:

> > the filter system combining pertaining feedback data from the feedback system with the content profile data in filtering each informon for relevance to the query

> Claim 25 similarly recites:

> > combining pertaining feedback data with the content profile data in filtering each informon for relevance to the query

> The claims exclude the "over the wall" systems based on three related, but independent portions of the claim language. First, the claims require the filter

system to "combin[e] pertaining feedback data.., with the content profile data." The claimed "data" is not the informon itself, but underlying properties associated with the informon, e.g., its content ranking and its feedback ranking. (See, e.g., Figs. 6 and 9). "Over the wall" systems do not combine that content and feedback data for use together as a selection criteria in filtering. Instead, in "over the wall" systems, documents are first processed and selected based on content data (e.g., content matching to the query), and then they are passed "over the wall" to the profile system, which processes and selects documents based on feedback data (e.g., user ratings). The two sets of data (i.e., content and feedback data) are not used together on either side of the wall and therefore not combined in the manner the claims require.

Second, the claims require the filter system to use the combined data in filtering "each informon" for relevance to the query. That is, "each informon" considered must be filtered using the combination of content data and collaborative data. Over the wall systems do not filter "each informon" based on that combination of data because at least some documents will not be selected by the query server (the first content-matching process). As such, those documents not selected by the query server will never make it "over the wall," and will therefore never be filtered based on collaborative data by the profile system. Because some documents are filtered and discarded based solely on their content data, "over the wall" systems do not filter "each informon" based on the combination of content and collaborative-based data.

Third, the claims require that the filter system use the combined content and feedback data "in filtering.., for relevance to the query." Accordingly at the point when the combined data is used "in filtering," the filter system must consider the "query" to determine an informon's relevance (it cannot solely be feedback). The prior art does not use the combined data to filter "for relevance to the query." At the point of the alleged combination in the "over the wall systems" (i.e., at the profile system), the query is not a criteria used to determine the documents relevance. In the "over the wall" systems, the profile system does not filter "for relevance to the query."
(Patent Owner's Second Remarks, pages 6-7, emphasis in original)

The Examiner has fully considered these remarks and agrees with Patent Owner's interpretation that the claims exclude an "over the wall" system by way of the "three related, but independent portions of the claim language" identified by Patent Owner.

In response to the previous Rejection 1 of claims 10 and 25 under 35 U.S.C. § 102(e) as being anticipated by Rose, Patent Owner argues that:

Exhibit A

Patent Owner understands the Examiner agrees that Rose is an "over the wall" system that uses sequential steps for content analysis and collaborative analysis. But, the Office Action at pp. 5-8 asserts that the claim language is broad enough to include the "over the wall" type systems. As explained above, the broadest reasonable interpretation of claims 10 and 25 in light of and consistent with the specification excludes the "over the wall" type system because it does not (1) combine content <u>data</u> and feedback <u>data</u> (2) in filtering <u>each</u> informon (3) for <u>relevance to the query</u>.

First, Rose does not combine a document's "content data" and its "collaborative data" and use that data <u>together</u> as a criteria for filtering. To the extent that Rose performs any content-based filtering with respect to a query, this occurs only to collect documents from an on-line text retrieval service, and, as the Examiners agreed during the interview, this is prior to the use of collaborative data in a separate filtering step that the ranking system performs. Rose does not use content data from the analysis of relevance to the query (e.g., a relevancy score) together with collaborative data (e.g., user ratings) as a criteria in filtering documents to present to the user.

Second, Rose does not filter "each" informon using content <u>and</u> collaborative data. Documents that have been excluded by the on-line text retrieval service will not make it "over the wall" to the Rose collaborative ranking system. The excluded documents, therefore, are not filtered based on collaborative data but, rather, the excluded documents are filtered only based on content data by the retrieval service. Accordingly, the system does not use the combination of content <u>and</u> collaborative data in filtering "each" informon (i.e., each document).

Third, the Rose collaborative ranking system operates independently of the original query. The part of the system the Office Action alleges performs the combination of data is the collaborative ranking system. (See Exhibit CC-1 to Request, which was adopted by the Examiner). To meet the claims, that collaborative ranking system must filter "for relevance to the query." Because the collaborative ranking system does not have access to the query, it cannot filter "for relevance to the query." As conceded by Requester's expert, Rose ranking system considers relevance to a user, not relevance to a query. See, e.g., Ungar Expert Report at page 92.

For at least the reasons described above, Patent Owner respectfully requests reconsideration and withdrawal of the rejection of claims 10 and 25 based on Rose.

(Patent Owner's Second Remarks, pages 12-14, emphasis in original)

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejection 1</u> is <u>withdrawn</u>.

In response to the previous <u>Rejection 6</u> of claims 10 and 25 under 35 U.S.C. § 102(e) as being anticipated by Lashkari, Patent Owner argues that:

> Like Rose, Lashkari discloses an "over the wall" approach to document retrieval. In fact, Lashkari's description at page 78 of using the third-party Lycos search engine along with the "Webhound" FGACF interface epitomizes the prior art "over the wall approach"…
>
> As in the Rose rejection, the Office Action at pp. 18-19 says the claims are broad enough to encompass this "over the wall" approach. Under the claims' broadest reasonable construction, however, Lashkari's "over the wall" system does not (1) combine content <u>data</u> and feedback <u>data</u> (2) in filtering <u>each</u> informon (3) for <u>relevance to the query</u>.
> (Patent Owner's Second Remarks, pages 14-15, emphasis in original)

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejection 6</u> is <u>withdrawn</u>.

In response to the previous <u>Rejection 4</u> of claims 10, 14, 15, 25, 27, and 28 under 35 U.S.C. § 102(e) as being anticipated by Herz, Patent Owner argues that:

> Herz does not anticipate the claims for similar reasons to those described above for Rose and the "over the wall" systems. Herz does not combine content data <u>and</u> collaborative data and use that data <u>together</u> as a criteria to filter each informon for relevance to a query. Instead, Herz describes an initial content search (based on a search profile) followed by a user rating system that develops a user profile. That user profile is then stored and changes over time for periodic application in filtering new documents entering the system. At these ongoing filtering steps, other user information may be used, but like the "over the wall" systems, the initial search is conducted based purely on content data, and the later ongoing filtering steps, which may use collaborative feedback data, do not filter "each" document ("each" informon) for relevance to a query.
> (Patent Owner's Second Remarks, pages 17-18, emphasis in original)

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejection 4</u> is <u>withdrawn</u>.

Exhibit A

Application/Control Number: 90/009,991                     Page 8
Art Unit: 3992

In response to the previous <u>Rejection 5</u> of claims 10, 14, 15, 25, 27, and 28 under 35

U.S.C. § 102(e) as being anticipated by Goldberg, Patent Owner argues that:

> As recognized by the Office Action, the "filtering" performed by Goldberg occurs <u>first</u> at the Filterer, and <u>second</u> at the Appraiser. Specifically, the Little Box throws the items that are the search results over the "server-client" wall (See Goldberg at Figure 2) to the Appraiser, which runs a separate filtering step. Accordingly, like the "over the wall" systems discussed above, Goldberg does not (1) combine content <u>data</u> and feedback <u>data</u> (2) in filtering <u>each</u> informon (3) for <u>relevance to the query</u>.
> (Patent Owner's Second Remarks, page 22, emphasis in original)

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejection 5</u> is <u>withdrawn</u>.

In response to the previous <u>Rejection 9</u> of claims 10 and 25 under 35 U.S.C. § 102(e) as

being anticipated by Resnick, Patent Owner argues that:

> Resnick is a purely collaborative filter. The portions of Resnick cited by the Examiner as disclosing the combination of content and collaborative filtering do not describe the actual Resnick system, which is entitled "GroupLens." Rather, the cited portions are part of a summary description of <u>other</u> systems (under the "Related Work" heading). Specifically, the statement that "a reader could request articles containing the word 'CSCW' that Joe has evaluated and where the evaluation contains the word, 'excellent'" does <u>not</u> refer to Resnick's GroupLens system, it refers to the "<u>Tapestry</u>" <u>system taught by Goldberg</u>. (See Resnick at p. 3, and FN6, citing Goldberg). The Tapestry system taught by Goldberg does not meet the limitations of the claims for the reasons described above.

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejection 9</u> is <u>withdrawn</u>.

In response to the previous <u>Rejections 2, 3, 7, 8, 10, and 11</u>, Patent Owner argues that:

> Dependent claims 14, 15, 27, and 28 stand rejected under 35 U.S.C. 103(a) as being obvious over Rose in view of Herz, Rose in view of Loeb, Lashkari in

> view of Herz, Lashkari in view of Loeb, Resnick in view of Herz, and Resnick in
> view of Loeb, respectively. As described above, each of Rose, Herz, Lashkari,
> and Resnick fail to teach or suggest combining pertaining feedback data with the
> content profile data in filtering each informon for relevance to the query as
> required by independent claims 10 and 25. For at least the reasons recited above
> and in Patent Owner's November 26, 2012 Response, both Herz and Loeb fail to
> compensate for the deficiencies in the other cited references. Accordingly, claims
> 14, 15, 27, and 28 are allowable for at least the same reasons that their respective
> independent claims are allowable.

The Examiner has fully considered this argument and has found it persuasive.

Accordingly, the previous <u>Rejections 2, 3, 7, 8, 10, and 11</u> are <u>withdrawn</u>.

Therefore, none of the cited references, alone or in combination, teach or suggest the

following claimed features:

> (Claim 10) "...the filter system combining pertaining feedback data from the
> feedback system with the content profile data in filtering each informon for
> relevance to the query."

> (Claim 25) "...combining pertaining feedback data with the content profile data in
> filtering each informon for relevance to the query."

Dependent claims 14, 15, 27, and 28 incorporate this language and are allowable for at

least the same reason.

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays.  Such submission by the

patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or

Confirmation" and will be placed in the reexamination file.

Exhibit A

Application/Control Number: 90/009,991                                    Page 10
Art Unit: 3992

## IV.    CONCLUSION

For reasons set forth below, claims 10, 14, 15, 25, 27, and 28 are <u>confirmed</u>.

Claims 1-9, 11-13, 16, 24, 26, and 29-36 are not subject to the present reexamination proceeding.


Any paper filed with the USPTO, *i.e.*, any submission made, by either the Patent Owner or the Third Party Requester must be served on every other party in the reexamination proceeding, including any other third party requester that is part of the proceeding due to merger of the reexamination proceedings. As proof of service, the party submitting the paper to the Office must attach a Certificate of Service to the paper, which sets forth the name and address of the party served and the method of service. Papers filed without the required Certificate of Service may be denied consideration. 37 CFR 1.903; MPEP 2266.03.


All correspondence relating to this *ex partes* reexamination proceeding should be directed as follows:

By U.S. Postal Service Mail to:
　　　　　Mail Stop *Ex Partes* Reexam
　　　　　ATTN: Central Reexamination Unit
　　　　　Commissioner for Patents P.O. Box 1450
　　　　　Alexandria, VA 22313-1450

By FAX to:　　(571) 273-9900
　　　　　Central Reexamination Unit

By hand to:　　Customer Service Window
　　　　　Randolph Building
　　　　　401 Dulany St.
　　　　　Alexandria, VA 22314

Exhibit A

Application/Control Number: 90/009,991                                      Page 11
Art Unit: 3992

By EFS-Web:

   Registered users of EFS-Web may alternatively submit such correspondence via the
electronic filing system EFS-Web, at

   https://efs.uspto.gov/efile/myportal/efs-registered

   EFS-Web offers the benefit of quick submission to the particular area of the Office that

needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e.,

electronically uploaded) directly into the official file for the reexamination proceeding, which

offers parties the opportunity to review the content of their submissions after the "soft scanning"

process is complete.


   Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.


   /Jason Proctor/                                    /FOF/
   Primary Examiner
   AU 3992


   /Alexander J Kosowski/
   Supervisory Patent Examiner, Art Unit 3992



Exhibit A

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2013, this I/P ENGINE, INC.'S OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR LEAVE TO FILE CORRECTED PRINCIPAL BRIEF was filed electronically using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants-Appellants, AOL Inc., Google Inc., IAC Search & Media, Inc., Gannett Company, Inc., and Target Corporation, as follows:

David A. Perlson
David L. Bilsker
Margaret P. Kammerud
Antonio R. Sistos
Kevin A. Smith
Emily C. O'Brien
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
davidperlson@quinnemanuel.com
davidbilsker@quinnemanuel.com
margaretkammerud@quinnemanuel.com
antoniosistos@quinnemanuel.com
kevinsmith@quinnemanuel.com
emilyobrien@quinnemanuel.com


David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 W. Madison Street, Suite 2450
Chicago, IL  60661
davenelson@quinnemanuel.com


Robert B. Wilson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY  10010
robertwilson@quinnemanuel.com


/s/ Joseph R. Re
Joseph R. Re