UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| I/P ENGINE, INC., <br><br> Plaintiff-Cross-Appellant, <br><br> v. <br><br> AOL INC., GOOGLE INC., IAC SEARCH & MEDIA, INC., GANNETT COMPANY, INC., AND TARGET CORPORATION, <br><br> Defendants-Appellants. | No. 2013-1307, -1313 |

**DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF**

**A.    Plaintiff Has No Legitimate Prejudice Concerns**

Plaintiff does not dispute that the passages Defendants wish to excise from their Opening Brief involve statements about the status of the re-examination proceedings that were rendered obsolete when one of the re-examinations was closed two days later. Plaintiff nonetheless wishes to keep these obsolete passages as part of this appeal on the theory that these passages also contain Defendants' "positions" and that Plaintiff should be allowed to discuss these positions in its own briefs. (*See* Opp. at 1-2.) Plaintiff apparently wishes to gain a rhetorical advantage in this appeal by critiquing passages in Defendants' brief that are now obsolete. This only confirms what Defendants stated in their Motion: namely, that

1

allowing Defendants to excise these passages would be wholly appropriate in order to prevent confusing the issues in this appeal with statements that are now obsolete.

Moreover, Plaintiff's accusation that Defendants are unfairly trying to eliminate their "positions" is unsupportable. Defendants propose excising only three passages from their Opening Brief, which comprise a total of 12 sentences. There is no dispute that each of those passages contains factual statements about the status of the re-examinations – statements that are now obsolete. Defendants have narrowly targeted their proposed excisions to remove those statements. It is the nature of briefs that many facts are interwoven with arguments, so it is inevitable that removing obsolete factual statements about the status of the re-examinations will remove what Plaintiff characterizes as "positions" based on those statements. But that is no reason to refuse leave to excise statements that are now obsolete.[1]

If Plaintiff wishes to use the current status of the re-examinations to support its own legal positions, Plaintiff of course is free to do so in its own briefs. But

---

[1] Plaintiff also argues that one of the passages Defendants wish to excise involves the '664 re-examination, which (unlike the '420 re-examination) was not affected by the recent PTO action. (Opp. at 4.) But this passage is part of a two-sentence footnote addressing both re-examinations, and that footnote is itself contained in a paragraph addressing the '420 re-examination. (*See* Motion, Ex. B at 38 fn. 9.) Given this structure, there is no way to excise the obsolete passages about the '420 re-examination while preserving the reference to the '664 re-examination.

Plaintiff cannot credibly argue that its ability to present its own arguments would be prejudiced by the mere deletion of obsolete passages from Defendants' brief.

### B. Defendants' Motion Does Not Violate the Federal Circuit Rules

Plaintiff argues that Defendants' Motion violates the Practice Notes to Rule 32, which set forth the procedure for making non-substantive corrections to a brief. (Opp. at 1, 4-5.) But as Defendants explained in their Motion, the Practice Notes set forth a specific process for making <u>non</u>-substantive corrections <u>without</u> a motion. The Practice Notes do not prohibit, or even address, motions to make substantive changes, and certainly do not prohibit Defendants' requested relief.

Plaintiff next argues that Defendants' Motion is effectively a motion to strike under Rule 27(e), and states that Defendants cannot meet the standard for such motions. (Opp. at 6.) Defendants freely admit that they cannot satisfy the standard for motions to strike under Rule 27(e). But that is irrelevant, as Defendants' Motion is not a motion to strike at all. A motion to strike is a remedy to be employed "where there has been a flagrant disregard of our rules." *Application of Harrington*, 392 F.2d 653, 655 (C.C.P.A. 1968). Defendants do not bring the present Motion to remedy any "flagrant disregard" of this Court's rules.

Plaintiff also argues that Defendants' requested relief must be denied because otherwise parties could simply rewrite their briefs rather than filing letters of supplemental authority under Fed. R. App. P. 28(j). (Opp. at 5.) But filing a

Rule 28(j) letter over the recent re-examination action would only exacerbate the very confusion that Defendants' Motion seeks to avoid, as the Court would need to compare the brief and the Rule 28(j) letter side-by-side to determine which passages from the brief have been superseded by the Rule 28(j) letter. The more efficient remedy is what Defendants seek – to simply delete the passages that were rendered obsolete by the recent re-examination action just two days after Defendants' Opening Brief was filed.

    For the forgoing reasons, Defendants respectfully request that their Motion be granted.

DATED: August 2, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ David A. Perlson
  David A. Perlson
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd floor
San Francisco, CA 94131
Telephone: (415) 875-6344
Facsimile: (415) 875-6700
davidperlson@quinnemanuel.com
*Attorney for Defendants-Appellants*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

*I/P Engine, Inc. v. AOL Inc., et al.*

Appeal Nos. 2013-1307, 1313

## CERTIFICATE OF INTEREST

Counsel for the Defendants-Appellants certifies as follows:

**1. The full name of every party or amicus represented by me is:**

AOL Inc., Google Inc., IAC Search & Media, Inc., Gannett Company, Inc., Target Corporation

**2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

Gannett Co., Inc.

**3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

a) AOL Inc. – AOL has no corporate parent.  Filings made with the Securities and Exchange Commission indicate that Dodge & Cox and FMR LLC each own ten percent (10%) or more of AOL's stock.

b) Google Inc. – None.

c) IAC Search & Media, Inc. – IAC/InterActiveCorp, a publicly traded company, owns all of the stock of IAC Search & Media, Inc.

d) Gannett Company, Inc. – None.

e) Target Corporation – None.

**4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:**

<u>Quinn Emanuel Urquhart & Sullivan</u>:  David A. Perlson, David L. Bilsker, Robert Wilson, David A. Nelson, Jennifer Kash, Emily C. O'Brien, Margaret P. Kammerud, Antonio R. Sistos, Howard Chen, Jennifer Ghaussy, Jennifer Polse, Joshua L. Sohn, Sarah Agudo; <u>Kaufman & Canoles</u>: Stephen E. Noona; <u>Finnegan Henderson Farabow Garrett & Dunner</u>: Robert L. Burns, II.

Dated: August 2, 2013               Respectfully submitted,

                                           By: <u>*/s/ David A. Perlson*</u>
                                              David A. Perlson
                                              QUINN EMANUEL URQUHART
                                              & SULLIVAN, LLP
                                              50 California Street, 22nd floor
                                              San Francisco, CA 94131
                                              Telephone: (415) 875-6344
                                              Facsimile: (415) 875-6700
                                              davidperlson@quinnemanuel.com
                                              *Attorney for Defendants-Appellants*

## **CERTIFICATE OF SERVICE**

I, David A. Perlson, hereby certify that on August 2, 2013, I will cause to be served electronically on counsel of record as listed below the foregoing Defendants-Appellants' Motion to File Corrected Opening Brief.

Attorneys for Plaintiff-Cross Appellant:

    Jeffrey K. Sherwood
    sherwoodj@dicksteinshapiro.com
    Kenneth W. Brothers
    brothersk@dicksteinshapiro.com
    Frank C. Cimino, Jr.
    CiminoF@dicksteinshapiro.com
    Jonathan L. Falkler
    FalkerJ@dicksteinshapiro.com
    Charles J. Monterio, Jr.
    MonterioC@dicksteinshapiro.com
    Dawn L. Rudenko
    AlbertD@dicksteinshapiro.com
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street NW
    Washington, DC 20006
    Telephone: (202) 420-2200
    Facsimile: (202) 420-2201

    Joseph R. Re
    joe.re@knobbe.com
    Stephen W. Larson
    stephen.larson@knobbe.com
    KNOBBE MARTENS OLSON & BEAR LLP
    2040 Main Street, 14th Floor
    Irvine, CA 92614
    Telephone: (949) 760-0404
    Facsimile: (949) 760-9502

Dated: August 2, 2013             *__/s/ David A. Perlson_____*

David A. Perlson
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 (fax)
davidperlson@quinnemanuel.com