**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6344**

WRITER'S INTERNET ADDRESS
**davidperlson@quinnemanuel.com**

July 9, 2014

<u>VIA ELECTRONIC FILING</u>

Daniel E. O'Toole
Clerk of the Court
United States Court of Appeals for the Federal Circuit
Howard T. Markey National Courts Building
717 Madison Pl., N.W.
Washington, D.C. 20439

Re:    *I/P Engine, Inc. v. AOL Inc. et al.*, Appeal Nos. 13-1307, 13-1313
       Defendants' Response to I/P Engine's July 3 Notice of Supplemental Authority

Dear Mr. O'Toole:

Plaintiff's fourth Rule 28(j) letter addresses a re-examination action holding that the Bowman reference does not anticipate the asserted '420 claims.  Bowman was not asserted in this appeal, nor was Bowman mentioned in the parties' briefs to this Court.

Defendants did not affirmatively rely on Bowman at oral argument, either.  While Plaintiff cites a sentence from oral argument where Defendants' counsel stated that the '420 claims stood as rejected over Bowman, Defendants' counsel made this statement only in response to a question by the Court about a separate reexamination that also addressed Bowman.  (Oral Argument, 28:23-50.)  Defendants' counsel simply informed the Court that the '420 Patent stood as rejected over Bowman.  Defendants' counsel, however, <u>did not</u> argue that this Bowman rejection was a reason to invalidate the Asserted Patents in this appeal.  Thus, the recent decision concerning Bowman is not a "pertinent and significant authority," as required for a Rule 28(j) letter.

This is particularly true given that none of the <u>reasoning</u> in the recent decision has any relevance to this appeal.  The PTO withdrew its Bowman rejections, finding it "unclear" and "ambiguous" whether Bowman uses content analysis.  (Decision, 4.)  But the sole anticipation reference in this appeal is Culliss, not Bowman.  And the sole obviousness issue is whether the claims are obvious

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 463-2961  FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100

over Rose, WebHound, and/or Fab – which filter search results through a combination of content and collaborative feedback – together with the background technique of filtering <u>for relevance to the query</u>. None of these issues are affected by the PTO's decision that Bowman may lack content analysis.

Plaintiff's letter also improperly goes beyond the recent Bowman decision and argues that the Asserted Patents have been upheld "four times [sic, actually three times] by the PTO following multiple reexaminations requested by Google." Plaintiff omits that all three re-examinations were *ex parte*, so Google had no ability to defend the initial rejections against Plaintiff's attacks. Plaintiff also omits that it conducted *ex parte* interviews with the Examiners in each re-examination, together with its validity expert. The Patents have never been examined by the PTO in any *inter partes* or adversarial proceeding.


Respectfully Submitted,

*/s/ David A. Perlson*

David A. Perlson

cc: Joseph R. Re, Esq. (via CM/ECF)