October 15, 2014

RE: I/P Engine, Inc.,                               Case#'s 2013-1307, 1313
Plaintiff-Cross Appellant
v.
AOL, Inc., Google, Inc., IAC Search & Media, Inc., Gannett Company, Inc. and Target Corporation
Defendants/Appellants


U.S. Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington DC  20005

**To:** Chief Judge Sharon Prost

**cc:** Judges Pauline Newman, Alan David Lourie, Timothy B. Dyk, Kimberly Ann Moore, Kathleen M. O'Malley, Jimmie V. Reyna, Evan Wallach, Richard G. Taranto, Raymond T. Chen, Todd M. Hughes, Haldane Robert Mayer, S. Jay Plager, Raymond Charles Clevenger, Alvin Anthony Schall, William Curtis Bryson, Richard Lynn


Honorable Judges,

The first U.S. patent was issued in 1790 by our USPTO. With a mission to promote "industrial and technological progress in the United States and strengthen the national economy."

A highly respected branch of the US government, the USPTO, has reviewed the I/P Engine patents in question. Upon application of the original Lycos patents, a PTO examination board – made up of highly educated specialists – approved these patents. Both of these patents have been further scrutinized by PTO examination boards, upon the request of Google. The patents in question have withstood these further, impartial examinations by boards separate from the initial approval boards.

The U.S. District Court in Norfolk, Virginia has heard the case of infringement. The jury involved has agreed with the USPTO, that the patents in question are indeed valid, and indeed, being used by Google. Furthermore, presiding Judge Jackson agreed that Google has been willful and knowledgeable in their use of these patents in awarding damage judgment.

The U.S. Court of Appeals for the Federal Circuits' decision that has overturned the judgment of the above panels of PTO examiners, jury findings and judge, due to "obviousness" needs to reviewed.

This case is imperative to national interest in that we need to protect our national properties from unlawful use. The case is technical in nature. The appeals decision was split. The appeals decision overturned the judgments of many *groups* of individuals.

Vringo, the parent company of I/P Engine engages in the business of obtaining, developing and licensing of intellectual property patents, (as most all successful companies around the world do) has been financially hurt by the overturned judgment. The patents owned by Vringo were/ are being willfully and wrongfully used by Google – to their extreme profit. Those who have invested in the stock of Vringo have been hurt.

This does not promote "industrial and technological progress in the United States and the national economy." This overruling of our USPTO and our District Court leaves the protection of all companies (yes, Google, too!) at risk.

Obviousness? The first patents granted in 1790 to Samuel Hopkins were for pot ash and pearl ash. These are essentially salts that contain potassium. Today they are used in fertilizer. What MAY be obvious today, wasn't so, yesterday. Our USPTO, District Court, and 1 Federal Court of Appeals' judge have, at length, decided that the I/P Engine patents are the legitimate property of I/P Engine and that they have been wrongfully and willfully used by Google.

I am writing to you, not as a corporation, but as an average citizen. I have no political affiliations with this case. I am a shareholder of Vringo. My investment in this company is in line with my belief in the safety and security of U.S. Intellectual Property that has been documented and protected by the USPTO.

I respectfully request that this case be considered for en banc review.

Thank you for your consideration.

With my best regards,

*L. Maniero*

Larry Maniero
6340 113th Street
Pleasant Prairie WI  53158
LarryManiero@AOL.com
262-945-2086